UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND SMITH,

    Plaintiff,

v.                                       Case No. 5:20-cv-96-TKW-MJF

J.S. PROFFITT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Raymond Smith, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 7). The undersigned recommends that Smith's complaint be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.[1]

### I.    Smith's Amended Complaint

Smith is an inmate of the Florida Department of Corrections ("FDC") currently confined at Wakulla Correctional Institution. (Doc. 7). Smith was confined at the Northwest Florida Reception Center ("NWFRC") at the time of the events

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 10

giving rise to this lawsuit. Smith is suing two prison officials at the NWFRC: Sergeant J.S Proffitt and Classification Officer B. Wood. Smith's complaint arises from a disciplinary report he received at the NWFRC on February 13, 2018.

Smith alleges that on February 13, 2018, he was placed in administrative confinement pending an investigation of an inmate assault. (Doc. 7 at 5).[2] Later that morning, Defendant Proffitt wrote Smith a disciplinary report ("DR") claiming that he found an unauthorized cellular device in Smith's property. (*Id*. at 5 and Ex. C). Proffitt's DR charged Smith with Unauthorized Possession of a Cellphone or Wireless Device, and was assigned DR Log #110-162328. (*Id*.). Proffitt subsequently "replaced" DR Log #110-162328, with DR Log #110-180316 "due to administrative error." (Ex. C). The substance and charge of the DR remained the same.

Smith was notified of Proffitt's disciplinary charge on February 25, 2018. (Ex. C). A disciplinary hearing was held on February 27, 2018. (Ex. D). The disciplinary hearing team consisted of Defendant Wood and J.M. Crutchfield.[3] (*Id*.). Smith was present at the hearing and claimed that Proffitt fabricated the DR and that video

---

[2] According to Smith, Inmate Patrick Lauby accused Smith of cutting him on the face during breakfast on February 13, 2018, but Lauby later recanted in a written statement dated February 19, 2018. (Doc. 7 at 5).

[3] Smith is not suing Cruthchfield.

footage would confirm that Proffitt never entered Smith's cell on the morning he claimed to have searched it. (Doc. 7 at 5-6 and Ex. D). Smith was convicted of the disciplinary charge based on Proffitt's statement. (Ex. D). Smith was sentenced to 45 days in disciplinary confinement with credit for 15 days, and Smith lost 60 days of gain time. (Ex. D).

Smith challenged his disciplinary conviction in an informal grievance. (Ex. F). Defendant Wood denied the informal grievance on March 8, 2018. (*Id.*). Smith appealed by filing a formal grievance to the Warden. The appeal was assigned Grievance Log #1803-110-076. (Ex. E). Defendant Wood approved the appeal on March 22, 2018, stating:

> Your request for Administrative Remedy or Appeal has been received, reviewed and responded to.
>
> DR 110-180316 was approved to be removed from your file and any gain time will be restored.
>
> As action has been initiated, you may consider your appeal APPROVED.

(Ex. G).

Based on the foregoing allegations, Smith claims that Proffitt and Wood violated his due process rights by "filing false documents and lying on state documents," and by "knowingly and fraudulently finding [Smith] guilty." (Doc. 7 at 7). As relief, Smith seeks a declaration that his constitutional rights were violated, and damages in the amount of $5,000.00 against each Defendant. (*Id.*).

## II.     Screening Under 28 U.S.C. §§ 1915A and 1915(e)

Because Smith is a prisoner and is proceeding *in forma pauperis*, the court is required to review his amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant

acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. Smith's Amended Complaint Fails to State a Due Process Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Smith claims that the Defendants violated his right to due process under the Fourteenth Amendment when they "fraudulently"

convicted him of the disciplinary charge of Unauthorized Possession of a Cellular Device. (Doc. 7 at 6, 7).

A procedural due process claim has two elements. The plaintiff must establish that: (1) he was deprived of a constitutionally protected liberty or property interest, and (2) he was not provided with a constitutionally adequate process to contest the deprivation. *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006). In *Sandin v. Conner*, 515 U.S. 472, 484, (1995) the Supreme Court rejected the notion that any state action taken for a punitive reason encroaches upon a liberty interest protected under the Due Process Clause. The *Sandin* Court held that in the prison context, due process liberty interests

> will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force [such as in the case of involuntary transfer to a mental hospital or involuntary administration of psychotropic drugs], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 484-85 (citations omitted). The Court concluded that discipline by prison officials in response to misconduct "falls within the expected perimeters of the sentence imposed by a court of law," *Sandin*, 515 U.S. at 485, and that the discipline to which the prisoner in *Sandin* was exposed—30 days in segregated confinement similar to solitary confinement—did not present the type of "atypical, significant

Page 6 of 10

deprivation in which a State might conceivably create a liberty interest." *Id*. at 485-86.

If a prisoner establishes that he was deprived of a protected liberty interest, he still must establish that he was not provided with a constitutionally adequate process to contest the deprivation. "[I]t is well established that 'the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.'" *Baker v. Rexroad*, 159 F. App'x 61, 63 (11th Cir. 2005) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)).

Smith's amended complaint fails to establish the deprivation of a protected liberty interest. Smith does not allege that he suffered any hardship as a result of the overturned DR. The exhibits attached to Smith's amended complaint establish that the FDC restored Smith's gain time. (Doc. 7, Ex. G). Smith mentions being confined in administrative and/or disciplinary confinement from February 13, 2018, until his DR was overturned, but he does not allege that the conditions of his confinement were particularly harsh.

A Florida prisoner's confinement in administrative or disciplinary confinement for 30-40 days does not, in itself, constitute an atypical and significant hardship. *See Sandin*, 515 U.S. at 485; *Rodgers v. Singletary*, 142 F.3d 1252, 1253

(11th Cir. 1998) (holding that a Florida prisoner's confinement in administrative segregation for 60 days does not impose an atypical and significant hardship on the prisoner); *see also, e.g., Simpkins v. Gulf CI Warden*, No. 16-17386-E, 2017 WL 6034508, at *3 (11th Cir. Apr. 21, 2017) (unpublished opinion) (holding that a Florida prisoner's confinement in disciplinary confinement for 30 days "does not constitute an atypical and significant hardship"); *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (holding that Florida prisoner's disciplinary confinements of 15 and 30 days did not implicate a liberty interest protected by the Due Process Clause); *Van Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) (11th Cir. 2009) ("Short sentences of disciplinary confinement do not tend to present the kind of 'atypical' and 'significant deprivation' to implicate the Due Process Clause absent a showing that the prisoner's isolation worked a major disruption in the inmate's environment when compared to his placement in the general population.").

Furthermore, the record demonstrates that the FDC provided Smith written notice of the charge, the opportunity to present evidence at the hearing, and a written statement of the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (outlining the procedural due process requirements for prison disciplinary proceedings). Smith claims that Wood relied on evidence he knew was false, but this is irrelevant. Smith's amended complaint shows that Smith

had the benefit of a full appeals process, which he utilized. Furthermore, the FDC overturned and expunged Smith's disciplinary conviction, and it restored to Smith 60 days of gain time. Therefore, if in fact there was a procedural deprivation, the error was cured by the institutional appeals process. *See McKinney*, 20 F.3d at 1557; *see also Baker*, 159 F. App'x at 63 (granting summary judgment in favor of prison official on prisoner's due process claim when the record established that the prisoner, although not afforded the opportunity to call a witness at the disciplinary hearing, had the benefit of a full appeals process and that his conviction was subsequently overturned with all gain time restored).

## IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 10th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**